## KUHBANDER v WARNER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1308. Decided March 11, 1935

John W. Bricker, Attorney General, Columbus, by Herbert D. Mills, Special Counsel, Dayton, for plaintiff in error.

Sigler & Denlinger, Dayton, for defendant in error.

## OPINION

By HORNBECK, J.

We have been favored with the opinion of the trial court which is characteristically comprehensive and discusses in learned manner the facts and the law. The trial court relied upon and counsel for plaintiff have .cited the case of **Pontius, Supt. of Banks v Sears, Roebuck & Company, 16 Oh Ap, 240,** wherein it was held that:

"Money deposited in a bank by a party to be applied by the bank in payment of a specific indebtedness of the depositor to a third party in the happening of certain conditions creates a trust fund, and the bank as trustee is required to retain the fund in trust for the discharge of such in-. debtedness."

This case would, if it were not for a later pronouncement of the Supreme Court, be persuasive upon the reasoning thereof upon this court. Since the opinion in the instant case heretofore referred to, the Supreme Court has decided two cases coming from Montgomery County, viz., **Fulton, Supt. of Banks v The Escanaba Paper Co.,** and **Fulton, Supt. of Banks v The University of Dayton et, 129 Oh St, 90.** The trial court did not have the advantage of these cases when determining the present suit.

Although the four propositions of the syllabus in the cases just cited are not revolutionary and seem to set forth no new or different principles of law, the applica-· tion of these principles to the ·facts in·the two cases presented is unusual. The opinion cites and· quotes with approval certain principles among which are the· following:

"In 5 **Ohio Jurisprudence, 379, §86,** it is said: 'A special deposit is created where the money is left for safekeeping, and the identical thing is to be returned to the depositor.'

"In American Law Institute Restatement of the Law of Trusts, Tentative Draft No. 1, page 44, §15, Comment h, it is said: 'If money is deposited in a bank for a special purpose, the bank is a trustee or bailee of the money if, but only if, **it is the understanding of the parties that the money deposited is not to be used by the bank for its own purposes'.**"

(Emphasis ours).

"In 6 **Corpus Juris, 1086, §3,** it is said: 'If by the contract there is no obligation to restore the specific article, but the bailee is at liberty to return either money or other goods of equal value, there is a transmutation of property, and the obligation created is a debt and not a bailment'."

And at page 100,

"Referring again to the American Law Institute Restatement of the Law of Trusts, Tentative Draft No. 1, page 41, §15, Comment g:

'If there is an understanding between the parties that the person to whom money is paid shall pay "interest" thereon (at a fixed or at the current rate, and not merely such interest as the money, being invested, may earn) the relationship is practically always a debt and not a trust. Interest is paid for the use of the money, and if the payee pays interest he is, in the absence of a definite understanding to the contrary, entitled to use the money for his own purposes. It is theoretically possible of course for a trustee to pay "interest" from his own funds, but in the absence of a clear agreement to that effect such an intention would not be found.'

"This we believe to be a fair statement of the law."

And at page 101,

"Quoting again the foregoing sentence from the Restatement of the Law of Trusts: 'It is theoretically possible of course for a trustee to pay "interest" from his own funds, but in the absence of a clear agreement to that effect such an intention would not be found'."

All of the quotations heretofore set forth were made in connection with the Escanaba Paper Company case, but were given applicaton to the University of Dayton case. As a matter of fact, notwithstanding the qualification in the syllabus that "The payment of interest on the deposit is a strong, though not conclusive, indication that title to the funds deposited has passed to the bank and that the relation between the bank and the depositor is that of debtor and creditor," a fair consideration of the whole case is convincing that it was grounded upon the fact that the bank was paying interest. In the University of Dayton case, the court divided 4 to 3, and the personnel of the court has changed since the opinion was released. Two members who concurred in the majority opinion are no longer on the court. It may be that upon presentation of a similar question to the court as now constituted there would be a different decision. But for the Escanaba Paper Company and University of Dayton cases, we would have strong disposition to declare the defendant liquidator to be a trustee of the fund in controversy in this case, and that the plaintiff is entitled to a preference. In view of the judgment of the Supreme Court in the cited cases, and the application of the law in the syllabus to the facts, we are of opinion that to support the claim of the plaintiff would be contrary to the judgment in the cited cases.

Judgment will therefore be reversed and remanded and final judgment entered for plaintiff in error, the Superintendent of Building and Loan Associations of Ohio.

KUNKLE, PJ, and BARNES, J, concur.